UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LABELBOX, INC.,

        Plaintiff,

   v.

KSHITIJ GUJARATI, et al.,

        Defendants.

Case No.  25-cv-10159-JSC

**ORDER RE: MOTION TO WITHDRAW AS COUNSEL**

Re: Dkt. No. 153

Labelbox, Inc. ("Labelbox") sues V7 Co., V7 Ltd., Alberto Rizzoli ("V7 Defendants"), and Kshitij Gujarati for misappropriation of trade secrets and claims related to Mr. Gujarati's former employment at Labelbox and employment at V7.  (Dkt. No. 53.)[1]  Now pending before the Court is Thomas G. Pasternak's and Benjamin K. Riley's ("Attorneys'") motion to withdraw as counsel for Mr. Gujarati.  (Dkt. No. 153.)  Having carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the April 30, 2026 hearing, and GRANTS Attorneys' unopposed motion to withdraw as counsel for Mr. Gujarati.

**DISCUSSION**

In the Northern District of California, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case."  *See* N.D. Cal. Civ. L.R. 11-5(a); *Dist. Council 16 N. California Health & Welfare Tr. Fund v. Lambard Enters., Inc.*, No. C 09-05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) ("The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record so long as he or she (1) provides written

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

notice to the client and all other parties in the action and (2) obtains leave of the court.").

"Additionally, Civil Local Rule 11-4(a)(1) mandates compliance with the standards of professional conduct required of members of the state bar of California." *Henneberry v. City of Newark*, No. 13-CV-05238-TSH, 2024 WL 2125599, at *1 (N.D. Cal. May 10, 2024) (citing *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008)); *see also* N.D. Cal. Civ. L.R. 11-3(a)(2) (applying standards to attorneys admitted pro hac vice). As relevant here, California Rule of Professional Conduct 1.16(b)(5) allows withdrawal of representation if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." In addition, California Rule of Professional Conduct 1.16(b)(6) allows withdrawal if "the client knowingly and freely assents to the termination of the representation."

Ultimately, whether to permit withdrawal of counsel is within the trial court's discretion. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Among other things, courts ruling on motions to withdraw have considered the reasons counsel seeks to withdraw, the possible prejudice withdrawal may cause other litigants, the harm withdrawal may cause to the administration of justice, and the extent to which withdrawal will delay resolution of the case. *See Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Around March 2, 2026, Mr. Gujarati informed Attorneys "he is unable to pay his outstanding legal bills, that he no longer wishes to be represented by an attorney in this case, and that he would like to proceed *pro se*." (Dkt. No. 15-3-3 ¶ 15.) Mr. Pasternak subsequently discussed "termination of the Attorneys' representation . . . and the potential consequences of the Attorneys' withdrawal" with Mr. Gujarati. (*Id.* ¶ 16.) On March 20, 2026, Mr. Pasternak spoke with counsel for Labelbox and for V7 Defendants about the Attorneys' intent to file a motion to withdraw as counsel. (*Id.* ¶ 17.) Labelbox's counsel indicated it would not oppose the motion, and V7 Defendants' counsel indicated they "do not consent" to the withdrawal. (*Id.* ¶¶ 18-19.) And on March 22, 2026, Mr. Pasternak "provided written notice via email" to Mr. Gujarati,

counsel for Labelbox, and counsel for V7 Defendants of the attorneys' plan to move for withdrawal.  (Dkt. No. 153-3 ¶¶ 20-21; *id.* at 6.)  So, Attorneys provided written notice to their client and all other parties in the action before filing the instant motion.  Given Attorneys' motion is unopposed, and the case is stayed as to Mr. Gujarati until April 27, 2026, (Dkt. No. 117), Attorneys' notice was provided "reasonably in advance."  *See* N.D. Cal. Civ. L.R. 11-5(a).

Furthermore, California Rules of Professional Conduct 1.16(b)(5) and 1.16(b)(6) allow Attorneys' withdrawal.  Mr. Gujarati "can no longer pay for an attorney" and "ha[s] outstanding legal bills with the Attorneys," which he is "unable to pay."  (Dkt. No. 153-2 ¶¶ 4; Dkt. No. 153-3 ¶ 15.)  Mr. Gujarati's "breach of an agreement to pay legal fees [] justifies withdrawal of counsel" under California Rule of Civil Procedure 1.16(b)(5).  *See Kannan v. Apple Inc.*, No. 5:17-CV-07305-EJD, 2020 WL 75942, at *2 (N.D. Cal. Jan. 7, 2020) (citing Cal. R. Prof. Conduct 1.16(b)(5)).  And given Mr. Gujarati informed Attorneys on March 2, 2026 he "no longer wished to be represented by them or to pay for an attorney," and Attorneys provided written notice of their intent to move for withdrawal on March 22, 2026, Attorneys have provided "reasonable warning" of their withdrawal.  (Dkt. No. 153-2 ¶¶ 5, 8; Dkt. No. 153-3 ¶ 21.)  *See* Cal. R. Prof. Conduct 1.16(b)(5).  In addition, after March 2, 2026, Mr. Gujarati "spoke[] with the Attorneys on multiple occasions to discuss withdrawal of their representation," and they "explained to [him] the potential consequences of their withdrawal and of representing [himself] in this case."  (Dkt. No. 153-2 ¶¶ 6-7; *see also* Dkt. No. 153-3 ¶ 16.)  So, the Court agrees with Mr. Gujarati's declaration he "knowingly and freely assent[s] to termination of the Attorneys' representation."  (Dkt. No. 153-2 ¶ 11.)  *See* Cal. R. Prof. Conduct 1.16(b)(6).

The Court also agrees Attorneys' withdrawal will not prejudice Mr. Gujarati, Labelbox, or V7 Defendants, or delay resolution of this case.  *See Deal*, 2010 WL 3702459, at *2.  Labelbox indicated it would not oppose the Attorneys' withdrawal, and although V7 Defendants indicated "they do not consent to the Attorneys' withdrawal," no party has opposed Attorneys' motion. (Dkt. No. 153-3 ¶¶ 18, 19.)  Furthermore, the case is stayed as to Mr. Gujarati through April 27, 2026 for settlement discussions.  (Dkt. No. 117.)  So, given Mr. Gujarati's declaration he wishes to proceed without an attorney, withdrawal is appropriate.

United States District Court
Northern District of California

**CONCLUSION**

So, the Court GRANTS Attorneys' motion to withdraw as counsel for Mr. Gujarati.  The initial case management conference remains on calendar for April 29, 2026 at 2:00 p.m. via Zoom video.  A joint case management statement is due one week in advance.

As Mr. Gujarati is now proceeding without counsel, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants.  Mr. Gujarati may also contact the Legal Help Center via telephone: (415)-782-8982, or email: fedpro@sfbar.org for free assistance regarding his claims.

This Order disposes of Docket No. 153.

**IT IS SO ORDERED.**

Dated: April 17, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

4